[Cite as *State v. Inman*, 2014-Ohio-3538.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DARYL E. INMAN

    Appellant

C.A. No.     13CA0074-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    13CR0249

DECISION AND JOURNAL ENTRY

Dated: August 18, 2014

HENSAL, Presiding Judge.

{¶1}    Appellant, Daryl E. Inman, appeals from his convictions in the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    On April 27, 2013, Mr. Inman and his girlfriend, who was also the mother of two of his children, had an altercation at a bar that culminated in Mr. Inman striking the victim in the face with his hand. She hit her head on a pool table as she fell to the ground. The victim was diagnosed with a closed head injury, facial contusion, and a cervical strain. She testified at trial that she and Mr. Inman had another physical altercation at their home on April 28, 2013, after her discharge from the hospital.

{¶3}    The Medina County Grand Jury indicted Mr. Inman on two counts of domestic violence in violation of Revised Code Section 2919.25(A). Both counts were charged as third-degree felonies under Section 2919.25(D)(4) due to the fact that he had two or more prior

domestic violence convictions. After a jury trial, Mr. Inman was convicted of one count of domestic violence stemming from the April 27th altercation but acquitted of the other count concerning the April 28th incident. He was sentenced to the maximum term of 36 months in prison. Mr. Inman has appealed raising three assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ALLOWING THE STATE TO INTRODUCE EVIDENCE OF FOUR PRIOR DOMESTIC VIOLENCE CONVICTIONS, TWO MORE THAN NECESSARY TO ELEVATE THE OFFENSE TO A THIRD DEGREE FELONY.

{¶4} In his first assignment of error, Mr. Inman argues that the trial court abused its discretion in permitting the State to introduce evidence of all four of his prior domestic violence convictions. Specifically, he maintains that this evidence constituted "other acts" evidence prohibited by Evidence Rule 404(B). We disagree.

{¶5} The trial court possesses broad discretion in determining the admission of evidence. *State v. Maurer*, 15 Ohio St.3d 239, 265 (1984). "As such, this court will not overturn a trial court's evidentiary determination in the absence of an abuse of discretion that resulted in material prejudice to the defendant." *State v. Myers*, 9th Dist. Summit No. 25737, 2012-Ohio-1820, ¶ 9. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} As a preliminary matter, the State argues that Mr. Inman forfeited appellate review of this issue as he ultimately stipulated to the admission of all of his prior convictions. The trial transcript reflects that the parties discussed whether the State would be precluded from offering evidence of all four of his prior convictions if Mr. Inman were to offer to stipulate to the jury receiving evidence about only two of them. Mr. Inman indicated that he objected to the

admissibility of any more than two convictions as such evidence would be more prejudicial than probative. After the court indicated that there was no case law suggesting that the State must accept Mr. Inman's proposed stipulation as to the admissibility of only two of the convictions, he entered into a stipulation with the State that the jury would hear evidence of all four of his prior convictions, but that they would not receive the corresponding judgment entries. Under the factual circumstances of this case, we do not agree with the State that Mr. Inman forfeited appellate review of the issue he now presents for our review.

{¶7} Evidence Rule 404(B) precludes the admission of evidence related to the defendant's prior criminal acts when such evidence is offered to prove the defendant's character and that his actions were in conformity with that character. "However, the listed exceptions [in Rule 404(B)] are not exclusive, and other acts evidence not fitting within the enumerated categories may be admissible so long as it is admitted for any proper purpose other than proving the defendant's propensity to act in conformity with a particular trait of his character." *Myers* at ¶ 10, citing *State v. Smith*, 49 Ohio St.3d 137, 140 (1990). "This Court has held that '[w]hen a prior conviction is an element of the charged offense, it may be admitted into evidence for the purpose of proving that element." *State v. Rodriguez*, 9th Dist. Summit No. 26858, 2014-Ohio-911, ¶ 4, quoting *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, ¶ 13. *See also Myers* at ¶ 11.

{¶8} Mr. Inman was convicted of domestic violence in violation of Revised Code Section 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Under subsection (D)(4), if the defendant was previously convicted of two or more domestic violence offenses, any subsequent domestic violence offenses are elevated to third-degree felonies. R.C. 2919.25(D)(4). Mr. Inman agrees

that the State was required to establish that he had at least two prior domestic violence convictions in order to elevate his charges to third-degree felonies. He maintains, however, that evidence of all four convictions constituted "other acts" evidence in violation of Rule 404(B).

{¶9} In support of his argument, Mr. Inman cites to the United States Supreme Court case of *Old Chief v. United States*, 519 U.S. 172 (1997). In *Old Chief*, the defendant was charged with violating 18 U.S.C. § 922(g)(1), which prohibited possession of a firearm by a convicted felon. The prosecution refused to accept the defendant's proposed stipulation that he had a prior conviction. The Supreme Court held that "a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id*. at 174.

{¶10} This Court, however, has consistently declined to adopt the holding in *Old Chief*. *See Rodriguez*, 2014-Ohio-911, at ¶ 8. *See also State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 12 ("Instead, this Court applies the rule that '[n]either the [S]tate nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction.'"), quoting *State v. Smith*, 68 Ohio App.3d 692, 695 (9th Dist.1990). We would also note that the court gave the jury a limiting instruction that it was to consider evidence of Mr. Inman's prior convictions only to prove an element of the offenses rather than to prove his character and that he acted in conformity therewith. "A presumption exists that the jury has followed the instructions given to it by the trial court." *State v. Murphy*, 65 Ohio St.3d 554, 584 (1992).

{¶11} Because the State was not required to accept Mr. Inman's proposed stipulation, the trial court did not abuse its discretion in permitting the State to introduce evidence of his four prior convictions in violation of Rule 404(B). His first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY CONVICTING APPELLANT OF A THIRD
DEGREE FELONY AFTER ADOPTING MATERIALLY INCONSISTENT
JURY VERDICTS ON THE FELONY ENHANCEMENT.

{¶12} Mr. Inman argues in his second assignment of error that the trial court erred in adopting the jury's verdicts as its finding on Count One was inconsistent with its finding on Count Two. We do not agree.

{¶13} The jury was presented with two verdict forms for each count: one for its finding as to the domestic violence charge and one for its finding as to whether he had two or more prior domestic violence convictions. *See* R.C. 2919.25(A) and (D)(4). As to Count One, which pertained to the April 27th incident, the jury found on one form that Mr. Inman was guilty of domestic violence and on the other form that he was previously convicted of two or more domestic violence offenses. As to Count Two, which pertained to the April 28th incident, the jury found on one form that he was not guilty of domestic violence and on the other form that he was not previously convicted of two or more domestic violence offenses. Mr. Inman argues that the jury's findings on the issue of his previous convictions were inconsistent and that, therefore, his conviction should not have been elevated to a third-degree felony.

{¶14} We note that Mr. Inman has not assigned the sufficiency or manifest weight of the evidence as error. He also did not move for a mistrial. Mr. Inman did file a written motion for acquittal under Criminal Rule 29(C) on the basis that the jury verdicts were inconsistent. He did not, however, raise the issue of the jury's findings as to his prior convictions in his motion. Rather, he argued that the verdicts were inconsistent because the two charges were dependent on the same set of facts and that, if one incident was unsubstantiated, then the other was also

unproven. The court overruled his motion stating that the evidence on each count was different and that inconsistent verdicts do not require a reversal based on insufficient evidence.

{¶15} This Court has held that "an appellate court will not consider as error any issue a party was aware of but failed to bring to the trial court's attention" at a time when the trial court might have corrected the error. *State v. Mohamed*, 9th Dist. Medina No. 11CA0050-M, 2012-Ohio-3636, ¶ 22, quoting *State v. Dent*, 9th Dist. Summit No. 20907, 2002-Ohio-4522, ¶ 6. Accordingly, Mr. Inman has forfeited all but plain error review.[1] *See State v. Perrymond*, 9th Dist. Medina No. 13CA0046-M, 2014-Ohio-2863, ¶ 8. Criminal Rule 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

> To correct a plain error, all of the following elements must apply: "First, there must be an error, i.e. a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights[ ]" [to the extent that it] * * * affected the outcome of the trial."

*Perrymond* at ¶ 36, quoting *State v. Bennett*, 9th Dist. Lorain No. 12CA010286, 2014-Ohio-160, ¶ 64. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶16} The Ohio Supreme Court has held that "[t]he several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent

---

[1] Mr. Inman argues that this Court should review his argument for either plain or structural error. He fails, however to develop any argument or cite to any supporting authority which demonstrates that inconsistent jury verdicts constitute a structural error. *See* App.R. 16(A)(7). Accordingly, we decline to create a structural argument on his behalf. *State v. Litten*, 9th Dist. Summit No. 26812, 2014-Ohio-577, ¶ 32.

responses to the same count." (Citations omitted.) *State v. Lovejoy*, 79 Ohio St.3d 440 (1997), paragraph one of the syllabus. "Consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal." *State v. Smith*, 10th Dist. Franklin No. 13AP-194, 2014-Ohio-709, ¶ 23, quoting *State v. Trewartha*, 165 Ohio App.3d 91, 2005-Ohio-5697, ¶ 15 (10th Dist.)

**{¶17}** Because the verdicts on the issue of Mr. Inman's prior domestic violation convictions arose out of two, distinct counts, they are not inconsistent. *Lovejoy* at paragraph one of the syllabus. Accordingly, the trial court did not plainly err in adopting the jury's verdicts and convicting him of domestic violence, a felony of the third degree. Mr. Inman's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO THE MAXIMUM PRISON TIME PUNISHABLE BY LAW.

**{¶18}** In his third assignment of error, Mr. Inman argues that the trial court improperly sentenced him to the maximum prison term. He maintains that the court failed to consider the felony sentencing considerations set forth in Revised Code Sections 2929.11 and 2929.12 and had "its mind made up" to sentence him to the maximum imprisonment based on his prior criminal convictions. Mr. Inman further contends that the trial court failed to consider the victim's wishes that he not receive a prison sentence.

**{¶19}** The substance of Mr. Inman's argument is that the trial court did not consider the facts and circumstances present in his case within the framework of Revised Code Sections 2929.11 and 2929.12. We note that the trial court did not specifically reference by name Sections 2929.11 and 2929.12 at either the sentencing hearing or in its sentencing entry. The

court did, however, find in its sentencing entry that "[t]he prison term for this offense would adequately punish the offender and/or protect the public from future crime by this offender and/or others." The trial court's language in the sentencing entry was derived directly from the purposes of felony sentencing set forth in Section 2929.11.

{¶20} Concerning Mr. Inman's argument that the facts of his case do not warrant imposition of the maximum prison sentence, the record also reflects that the trial court ordered a presentence investigation ("PSI") report prior to his sentencing. While this Court granted Mr. Inman's motion to supplement the appellate record with the PSI report, it was never made a part of the record. Both parties specifically referenced the PSI during the sentencing hearing. This Court has concluded that there is a presumption that the trial court used the PSI, if one is prepared, when imposing sentence. *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 34. We have also concluded that it is the appellant's responsibility to confirm that the appellate record is complete. *Id*. "In light of the fact that we are unable to review the [PSI] report, we must presume the validity of the sentence that the trial court imposed for the [domestic violence] charge[ ]." *Id*. Accordingly, Mr. Inman's third assignment of error is overruled.

### III.

{¶21} Mr. Inman's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.