[Cite as *State v. Rodriguez*, 2014-Ohio-911.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26858 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BENJAMIN O. RODRIGUEZ | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 10 3058 |

DECISION AND JOURNAL ENTRY

Dated: March 12, 2014

MOORE, Presiding Judge.

{¶1} Defendant, Benjamin Rodriguez, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On November 6, 2012, the Summit County Grand Jury indicted Mr. Rodriguez on one count of domestic violence in violation of R.C. 2919.25(A), which was charged as a third degree felony pursuant to R.C. 2919.25(D)(4) based upon the allegation that Mr. Rodriguez had two or more prior convictions for domestic violence. At his arraignment, Mr. Rodriguez pleaded not guilty, and the matter was scheduled for jury trial. Prior to trial, Mr. Rodriguez filed a motion in limine to exclude any mention of his prior convictions to the jury, and he filed a notice of intent to stipulate to the two prior convictions the State planned to use to enhance his conviction to a third degree felony. The State agreed to stipulate that Mr. Rodriguez had two prior convictions, instead of introducing evidence as to three prior convictions. After voir dire,

defense counsel noted a continuing objection to any reference to Mr. Rodriguez' prior convictions and to the State's Exhibits 6 and 7. During trial, the court informed the jury that Mr. Rodriguez had two prior convictions for domestic violence, and it admitted the journal entries of conviction into evidence. The jury found Mr. Rodriguez guilty, and, in a sentencing entry dated March 5, 2013, the trial court imposed sentence. Mr. Rodriguez timely appealed from the sentencing entry, and he now presents three assignments of error for our review. We have consolidated Mr. Rodriguez' first and second assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO APPLY THE PRECEDENT OF OLD CHIEF V. UNITED STATES BY ALLOWING THE PROSECUTOR TO INFORM THE JURY OF [MR. RODRIGUEZ'] PRIOR CONVICTIONS.

### ASSIGNMENT OF ERROR TWO

[MR. RODRIGUEZ] SUFFERED A DENIAL OF THE RIGHT TO DUE PROCESS AS THE TRIAL COURT OVERRULED [HIS] OBJECTIONS TO THE INTRODUCTION OF JOURNAL ENTRIES AND VERDICT FORM CONCERNING [HIS] STIPULATED PRIOR CONVICTIONS.

{¶3} In his first assignment of error, Mr. Rodriguez maintains that the trial court erred by allowing the prosecutor to inform the jury of his prior convictions. In his second assignment of error, Mr. Rodriguez maintains that the trial court erred in allowing the introduction of journal entries evidencing his prior convictions when he had offered to stipulate to having had two prior convictions.

{¶4} This Court has held that "[w]hen a prior conviction is an element of the charged offense, it may be admitted into evidence for the purpose of proving that element." *State v. Halsell*, 9th Dist. Summit No. 24464, 2009-Ohio-4166, ¶ 13, citing *State v. Thompson*, 9th Dist. Lorain No. 98CA007112, 2000 WL 235535, *4 (Mar. 1, 2000). *See also State v. Blonski*, 125

Ohio App.3d 103, 108-109 (9th Dist.1997) (holding that when a prior offense is an element of the crime charged, the State must prove the prior crime).

{¶5} Mr. Rodriguez was convicted of domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." R.C. 2919.25(D)(4) provides that domestic violence is a felony of the third degree where the defendant "previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses * * *." Therefore, here, the State bore the burden of proving that Mr. Rodriguez had been convicted of two or more (1) domestic violence offenses or (2) offenses of the type listed in R.C. 2919.25(D)(3).

{¶6} However, Mr. Rodriguez argues that the State should not have been permitted to reference, or submit evidence in support of, Mr. Rodriguez' prior convictions. In support of this argument, Mr. Rodriguez urges this Court to adopt the holding in *Old Chief v. United States*, 519 U.S. 172 (1997), and decisions from the Eleventh, Fifth and First District, which have applied *Old Chief*. *See State v. Hatfield*, 11th Dist. Ashtabula No. 2006-A-0033, 2007-Ohio-7130, *State v. Riffle*, 5th Dist. Muskingum No. 2007-0013, 2007-Ohio-5299, and *State v. Simms*, 1st Dist. Hamilton Nos. C 030138 & C 030211, 2004-Ohio-652.

{¶7} In *Old Chief* at 174-175, the defendant was charged with possessing a firearm when he had previously been convicted of a crime punishable by imprisonment exceeding one year, in violation of 18 U.S.C. 922(g)(1). The defendant offered to stipulate to the element of his offense requiring a prior felony conviction, and moved the district court for an order preventing the Government from mentioning his prior criminal convictions, except to state that the

defendant previously had been convicted of a crime punishable by imprisonment exceeding one year. *Id.* at 175. The defendant argued that revealing the name and nature of his prior conviction would unfairly prejudice him. *Id.* The Government refused to enter into such a stipulation, and the district court concluded that it could not require the Government to enter into a stipulation. *Id.* At trial, the Government introduced the order of judgment and commitment for the defendant's prior conviction. *Id.* The jury found the defendant guilty, and he appealed to the Ninth Circuit, which affirmed his conviction. *Id.* at 177. The United States Supreme Court granted certiorari and reversed, holding that "a district court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id.* at 174, 178.

{¶8} In several cases, this Court has declined to adopt the *Old Chief* holding. *See State v. Horne*, 9th Dist. Summit No. 25238, 2011-Ohio-1901, ¶ 16, *State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 12, citing *State v. Williams*, 9th Dist. Summit No. 22877, 2006-Ohio-4720, ¶ 21, *State v. Kole*, 9th Dist. Lorain No. 98CA007116, 2000 WL 840503 (June 28, 2000), overruled on other grounds by *State v. Kole*, 92 Ohio St.3d 303 (2001). Mr. Rodriguez has not presented us with a persuasive argument as to why we should deviate from our precedent. Therefore, we decline Mr. Rodriguez' invitation to adopt the *Old Chief* holding.

{¶9} Even if this court were to follow the holding in *Old Chief*, the facts of that case are distinguishable. In *Old Chief*, the defendant clearly offered to stipulate to his prior conviction of a crime that was punishable by more than a year in prison. Here, the bounds of Mr. Rodriguez' offered stipulation are not easily discernible from the record. In Mr. Rodriguez' filing entitled "Notice of Intent to * * * Stipulate to Prior Convictions," he stated that he intended

to stipulate to "the two prior convictions used to enhance his domestic violence charge to a third-degree felony." Prior to trial, a discussion was had on the record between defense counsel, the State, and the trial court. Defense counsel and the State indicated that they were willing to stipulate that the Defendant had two prior convictions. The court clarified the stipulation, stating, "As far as the two stipulations of the priors, you're stipulating that – that your client was convicted on these two occasions and that journal entries are an accurate record of the convictions." Defense counsel responded, "That's correct, Your Honor."

{¶10} However, after voir dire, defense counsel noted an ongoing objection to any reference to Mr. Rodriguez' prior convictions and to the State's Exhibits 6 and 7, which were the certified journal entries of the convictions. Defense counsel indicated that, although it would stipulate to the authenticity of the journal entries, it had an "ongoing objection to the jury knowing about them."

{¶11} We cannot discern the purpose of a stipulation to the facts satisfying an element of an offense, where the defendant attempts to prevent submission of the stipulation to the fact-finder. To prove its case, the State was required to produce proof that Mr. Rodriguez had two prior convictions for "domestic violence or two or more violations or offenses of the type described in [R.C. 2919.25(D)(3)] involving a person who was a family or household member at the time of the violations or offenses[.]" *See* R.C. 2919.25(D)(4). Unlike *Old Chief*, the record does not demonstrate that Mr. Rodriguez offered a jury instruction on his stipulation that his two prior convictions were of the type required to meet the prior conviction element of the statute. *See Old Chief* at 175-176 (discussing defendant's proposed stipulation *and corresponding instruction*). Absent an instruction to the jury as to the stipulation or admission of the journal entries, the State would not have met its burden of proof that the two convictions were part of the

class of offenses sufficient to elevate the degree of the domestic violence offense to a third degree felony, and reliance on *Old Chief* is misplaced. *Compare id.* at 175-176, 184 (defendant offered to stipulate that he was "convicted of a crime punishable by imprisonment exceeding one * * * year" as required for a conviction under the statute and proposed a corresponding instruction to the jury).

{¶12} Accordingly, as Mr. Rodriguez' arguments in support of his first and second assignments of error are premised upon our adoption of the *Old Chief* holding, these assignments of error are overruled.

## ASSIGNMENT OF ERROR III

[MR. RODRIGUEZ'] CRIMINAL RULE 29 MOTION SHOULD HAVE BEEN GRANTED AT THE CLOSE OF THE STATE'S CASE-IN-CHIEF BECAUSE THE STATE FAILED TO MEET THE BURDEN OF PRODUCTION AS TO PHYSICAL HARM.

{¶13} In his third assignment of error, Mr. Rodriguez argues that his convictions were not supported by sufficient evidence because the State failed to present evidence of physical harm. We disagree.

{¶14} The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390 (Cook, J. concurring). In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

**{¶15}** On appeal, Mr. Rodriguez limits his sufficiency of the evidence challenge to the evidence of physical harm. *See* R.C. 2919.25(A) ("No person shall knowingly cause or attempt to cause physical harm to a family or household member."). We will likewise limit our discussion.

**{¶16}** At trial the State produced the testimony of the responding officers from the Barberton Police Department: Officers Ryan Sauriol and Martin Eberhart. Officer Sauriol testified that, on October 27, 2012, the officers responded to a call concerning a domestic violence incident. When they arrived at the scene, the victim was crying and visibly shaken. Officer Sauriol spoke with the victim, while Officer Eberhart went to speak with Mr. Rodriguez in another room. The victim explained to Officer Sauriol that she was arguing with Mr. Rodriguez, who was her boyfriend. While they were arguing, Mr. Rodriguez got behind the victim and began striking her in the head. She then tried to place her hands above her head to protect herself, and Mr. Rodriguez hit her hands twice. The officer testified that the victim had "swollen knuckles" and "swollen lumps on the side of her head." The officer photographed the victim's injuries, and those photographs were admitted into evidence at the trial. The officer testified that, although it is difficult to see the victim's injuries in the photos, he did see swelling on her hand and he felt the lumps on her head.

**{¶17}** Officer Eberhart testified that when the officers responded to the scene, the victim was at the door of the house. She was crying and upset, and she told the officers that Mr. Rodriguez had hurt her. Officer Eberhart observed that the victim's hand was red and swollen.

{¶18}  Mr. Rodriguez maintains that "[a] review of the evidence shows that the majority of [the victim's] injuries were offensive wounds to her knuckles[.]"  However, Officer Sauriol testified that the victim, who was visibly upset and shaken, informed him that Mr. Rodriguez had hurt her by striking her on the head, and that she covered her head with her hands, resulting in injury to her hands.  The evidence presented, when viewed in a light most favorable to the State, was sufficient to establish that Mr. Rodriguez caused the victim physical harm.  Accordingly, Mr. Rodriguez' third assignment of error is overruled.

### III.

{¶19}  Mr. Rodriguez' assignments of error are overruled.  The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Atttorney, for Appellee.