[Cite as *State v. Barger*, 2016-Ohio-443.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.  14CA0074-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| TONY H. BARGER | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No.  14CR0020 |

DECISION AND JOURNAL ENTRY

Dated: February 8, 2016

WHITMORE, Presiding Judge.

{¶1}  Appellant Tony Barger appeals from his conviction on two fifth degree felony counts.  This Court affirms.

I

{¶2}  On Christmas morning, Mr. Barger crashed the Ford Ranger pickup truck he was driving into a disabled vehicle on the side of the interstate.  Sergeant Martina Jackson of the Ohio State Highway Patrol responded to the crash scene.

{¶3}  When Sergeant Jackson checked the Ranger's vehicle identification number, it came back to an individual who was not Tony Barger.  Moreover, the plate on the Ranger did not match the vehicle, and it was registered to a different individual from the registered owner of the vehicle.  The plate was associated with a Ford Ranger pickup truck, but a different model year.  Mr. Barger initially told Sergeant Jackson that he came across the plate in a dumpster.  He said that the truck belonged to his brother, Randy Barger.

{¶4} Trooper Nicholas Clemens, who assisted Sergeant Jackson on the crash scene, testified that the Ranger was disabled after the crash, and would have to be towed. Trooper Clemens conducted an administrative inventory search of the vehicle. Trooper Clemens found the vehicle's title, which appeared to be in the process of being signed over from the titled owner of the vehicle to Randy Barger.

{¶5} Trooper Clemens also found a black bag behind the passenger seat. The main compartment of the bag was "unzipped and open." Inside the open compartment of the bag, Trooper Clemens found a box that, although originally for personal lubricant, held only a glass pipe consistent with one used to smoke illegal drugs. Trooper Clemens testified that the box in which he located the pipe was "open." Mr. Barger admitted that he had touched the black bag, but denied that the bag and the glass pipe belonged to him. The pipe later was analyzed in the Ohio State Highway Patrol's crime lab, and tested positive for the presence of methamphetamine.

{¶6} In addition to the glass pipe, the bag contained a letter from the Cuyahoga Job and Family Services Office of Child Support Services dated about a month prior to the accident and addressed to Tony Barger at 4159 West 59th Street, Cleveland, Ohio 44144-1716. At trial, Mr. Barger testified that he lived at that address. In response to a question from the court, he testified that he remembered receiving the letter. He testified that he had "no idea" how the letter got in the bag.

{¶7} The bag also contained a baby audio and video monitor and instructions. It further held a single work glove, an additional pair of work gloves, a winter beanie hat with briar seedlings attached, a multi-purpose tool, wire cutters, a ski mask with stains and briar seedlings attached, and a headlight.

{¶8}    At the collision site, Mr. Barger told Sergeant Jackson that he was on federal and state probation.   He had recently been released from federal prison for trafficking in methamphetamine.   Sergeant Jackson did not administer field sobriety tests or blood tests for alcohol or substances because she did not believe Mr. Barger to be impaired.

{¶9}    Mr. Barger was transported to the Medina Post of the State Highway Patrol where he gave a witness statement.   Because Mr. Barger's arm was injured, Sergeant Jackson wrote out the statement in question and answer form.   Mr. Barger reviewed the statement and signed it.   In his witness statement, Mr. Barger admitted that he did "take [the plate] off [a] truck."   He stated, "I saw the truck and I took [the plate] off there.   The plate[] looke[d] safe and the [truck] looked broken down."

{¶10}   While at the station, Mr. Barger called his brother Todd Barger.   Todd Barger spoke with Sergeant Jackson, and told her that he owned the black bag in the Ford Ranger that contained the glass pipe.

{¶11}   Subsequently, a grand jury indicted Tony Barger on one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree.   He pled not guilty to the indictment.

{¶12}   The next month, the grand jury returned a supplemental indictment on the same basic facts, charging Mr. Barger in count two with one count of receiving stolen property (license plate) in violation of R.C. 2913.51(A).   Mr. Barger pled not guilty to the supplemental count of the indictment.   He waived his right to a jury trial, and on that same day proceeded to a trial by the court on all counts.

{¶13}   At trial, Mr. Barger admitted that he stole the license plate.   He testified that he originally lied and told Sergeant Jackson that he had found the plate in the garbage because he

was worried about the implications for his federal parole. He testified that a federal parole violation would carry a prison term.

{¶14} Mr. Barger further testified that he "never put nothing in that bag" that contained the glass pipe. He stated that the bag was already in the truck when he got in it on the day of the accident.

{¶15} Todd Barger testified at trial that the Ford Ranger was borrowed from Randy Barger because Todd Barger was moving from his residence on Christmas Eve, the night before the accident. He testified that he needed the truck to move his belongings. Todd Barger further testified that the black bag found in the Ranger belonged to him. He testified that he used to do drugs, and he owned numerous black bags in which he kept the drugs. He claimed that he gave away a number of the black bags to Tony Barger and other friends who were helping him move because he did not have room for all of the black bags he owned. According to Todd Barger, the various friends who were helping with the move were just "picking up stuff [and] throwing it in bags."

{¶16} Todd Barger testified that he had not touched the black bag at issue in this case for two years. He identified the items in the bag as items that he typically would use or that he possessed. When Todd Barger spoke to Sergeant Jackson on the telephone on Christmas Day and claimed that the black bag was his, he did not mention the move to her.

{¶17} Todd Barger testified that he at one time had in his possession a letter from Cuyahoga Job and Family Services addressed to Tony Barger. Todd Barger did not know whether he had once had in his possession the specific letter that was found in the black bag containing the glass pipe because he "[doesn't] open up [Tony Barger's] mail." Todd Barger

stated that he received Tony Barger's mail on occasion because they are identical twins. Todd Barger did not know how the letter got in the black bag with the glass pipe.

{¶18} Following the presentation of evidence and argument, the trial court found Tony Barger guilty on both counts of the indictment. The court sentenced Mr. Barger to eleven months imprisonment on each count, with the sentences to be served concurrently. The court also imposed three years of post-release control, suspended Mr. Barger's license, ordered a DNA sample to be collected, and gave credit for time served.

{¶19} Mr. Barger appealed. He raises three assignments of error for our review.

II

Assignment of Error Number One

APPELLANT BARGER'S AGGRAVATED POSSESSION OF DRUGS
CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE
EVIDENCE IN VIOLATION OF THE CONSTITUTION OF THE STATE OF
OHIO, ARTICLE IV, SECTION 3.

{¶20} Mr. Barger limits his first assignment of error to challenge only his conviction for aggravated possession of drugs. He does not assert an argument challenging his conviction for receiving stolen properly. We limit our review accordingly. *See State v. Rodriguez*, 9th Dist. Summit No. 26858, 2014-Ohio-911, ¶ 15.

{¶21} In his first assignment of error, Mr. Barger argues that the trial court's finding that he was guilty of aggravated possession of drugs was against the manifest weight of the evidence. We disagree.

{¶22} In determining whether a conviction is against the manifest weight of the evidence an appellate court:

must review the entire record, weigh the evidence and all reasonable inferences,
consider the credibility of witnesses and determine whether, in resolving conflicts
in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases in which the evidence weighs heavily against the conviction. *State v. Carson*, 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340.

{¶23} Mr. Barger was convicted of aggravated possession of drugs (methamphetamine) pursuant to R.C. 2925.11(A). R.C. 2925.11(A) provides that, "No person shall knowingly obtain, possess, or use a controlled substance * * *."

{¶24} Mr. Barger does not dispute that the substance in question was methamphetamine, a controlled substance. Accordingly, the question here is whether the greater weight of the credible evidence supports that Mr. Barger knowingly possessed the glass pipe containing methamphetamine.

{¶25} The term "[p]ossess" is statutorily defined as "having control over a thing or substance." R.C. 2925.01(K). Possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." *Id.* This Court has held that "a person may knowingly possess a substance or object through either actual or constructive possession." *State v. Hilton*, 9th Dist. Summit No. 21624, 2004–Ohio–1418, ¶ 16, citing *State v. McShan*, 77 Ohio App.3d 781, 783 (8th Dist.1991). A person may constructively possess a substance or object if he "'knowingly exercis[es] dominion and control over an object, even though that object may not be within his

immediate physical possession [,]' or [if he has] knowledge of the presence of the object." *Hilton* at ¶ 16, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus.

{¶26} Here, the State presented evidence that Mr. Barger constructively possessed the glass pipe that contained methamphetamine. Mr. Barger was the sole occupant of the truck in which the black bag containing the pipe was found. Trooper Clemens testified that the compartment of the black bag containing the pipe was open. Trooper Clemens further testified that the box in which he found the pipe also was open. Mr. Barger admitted that he touched the black bag. Moreover, in addition to the glass pipe, the bag contained a letter addressed to Mr. Barger at his residence, from approximately a month before the accident. Mr. Barger admitted that he had received that letter. He did not give any reason why the letter would be in the bag if, as he claimed, he had never put anything in the bag.

{¶27} The evidence Mr. Barger offered against constructive possession of the pipe containing methamphetamine was the testimony of his brother, Todd Barger. Todd Barger claimed the black bag was his, and implied that the pipe was in the black bag either because the pipe was his that he placed there when he used to use a variety of black bags to hold his drugs, or because any one of the various people helping him to move on Christmas Eve could have thrown the pipe and other objects in the bag and/or then put the bag in the Ranger. Todd Barger could not explain, however, how the letter addressed to Tony Barger came to be in the bag. Todd Barger testified that he had been convicted of drug offenses in the past, but was not on parole.

{¶28} Tony Barger's manifest weight of the evidence argument turns on the credibility of Todd Barger's testimony. In finding Tony Barger guilty of possession of methamphetamine, the trial court evidently concluded that Todd Barger's testimony was not credible.

{¶29} This Court recognizes that "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly." *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. The trier of fact is free to believe "all, part, or none of the testimony of each witness." *State v. Tabassum*, 9th Dist. Summit No. 25568, 2011-Ohio-6790, ¶ 27, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 35. This Court will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version. *See Tabassum* at ¶ 27.

{¶30} Having carefully reviewed the entire record, weighed the evidence, and examined the credibility of witnesses, we cannot say that this is a case where the court lost its way in choosing to disbelieve Todd Barger's testimony, and created a manifest miscarriage of justice in convicting Tony Barger of aggravated possession of drugs. Accordingly, Mr. Barger's first assignment of error is overruled.

Assignment of Error Number Two

> THE STATE VIOLATED APPELLANT BARGER'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT WHEN IT FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT BARGER WAS GUILTY OF AGGRAVATED POSSESSION OF DRUGS.

{¶31} As with his first assignment of error, Mr. Barger limits his second assignment of error to address only his conviction for aggravated possession of drugs. He does not challenge his conviction for receiving stolen property. We again limit our consideration accordingly. *See Rodriguez*, 2014-Ohio-911 at ¶ 15.

**{¶32}** In his second assignment of error, Mr. Barger claims that the State failed to introduce evidence sufficient to prove, beyond a reasonable doubt, that he was guilty of aggravated possession of drugs. This Court disagrees.

**{¶33}** To determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). Thus, the relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id*. Sufficiency is a test of adequacy. *Thompkins*, 78 Ohio St.3d at 386.

**{¶34}** Mr. Barger argues that the evidence was not sufficient to support a conviction because the State failed to conduct fingerprint testing to show that he actually touched the pipe or the box in which the pipe was found. His argument lacks merit.

**{¶35}** The State did not need to prove that Mr. Barger touched the pipe or the box to demonstrate constructive possession. As explained, the State needed to provide only enough evidence to convince a rational trier of fact that (1) Mr. Barger knowingly exercised dominion and control over the pipe, even if he did not physically possess it, or (2) Mr. Barger knew that the pipe was present. *Hilton*, 2004–Ohio–1418 at ¶ 16.

**{¶36}** Here, the State showed that: (1) Mr. Barger was the only person present in the Ranger where the pipe was found; (2) the black bag and box containing the pipe were both open; (3) Mr. Barger admitted to touching the black bag that contained the pipe; and (4) mail addressed to Mr. Barger that he admitted receiving at his residence was found in the bag that contained the pipe. Mr. Barger did not explain how a letter correctly addressed to him could have ended up in the bag if he did not put it there. Viewing the evidence in a light most favorable to the prosecution, the evidence presented was sufficient to convince a rational trier of fact that Mr.

Barger was guilty, beyond a reasonable doubt, of aggravated possession of drugs under R.C. 2925.11(A). Mr. Barger's second assignment of error is overruled.

Assignment of Error Number Three

APPELLANT BARGER'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE AT TRIAL AND THE DEFENDANT WAS PREJUDICED BY HIS COUNSEL'S DEFICIENT PERFORMANCE.

{¶37} In his third assignment of error, Mr. Barger argues that his trial counsel provided ineffective assistance of counsel when his attorney: (1) "proceeded to trial on the date of arraignment on the supplemental indictment receiving stolen property charge evidently without discovery and apparently without preparation"; (2) "permitted into evidence the police report and other hearsay statements"; and (3) "failed to file any suppression motion of the inventory search". We disagree.

{¶38} "On the issue of counsel's ineffectiveness, [Mr. Barger, as Appellant,] has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Mr. Barger must establish that (1) his counsel's performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate prejudice, an appellant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. This Court need not address both *Strickland* prongs if an appellant fails to prove either one. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

**{¶39}** First, Mr. Barger contends that trial counsel was ineffective in proceeding to trial on the same day as his arraignment on the charge of receiving stolen property. Specifically, Mr. Barger contends that:

> [T]rial counsel would not have conducted any discovery on the charge in the supplemental indictment, not conducted any analysis on the alleged evidence or reviewed the possibility to suppress evidence based upon any constitutional challenge, and would not have provided client with adequate information, warnings, and advice on the merits of a case that was both arraigned and proceeded to trial on the same day.

**{¶40}** Mr. Barger's argument pertains to his counsel's alleged failure to conduct a pre-trial investigation into the basis for the supplemental indictment. We do not agree that counsel's alleged conduct in proceeding to trial on the same day as the arraignment on the supplemental charge gives rise to prejudice that would require a reversal of Mr. Barger's conviction.

**{¶41}** "It is axiomatic that effective representation of a client carries with it a burden to investigate." *Bradley* at 146. "'* * * [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to defense counsel's judgments.'" (Alterations sic.) *Id.*, quoting *Strickland*, 466 U.S. at 691.

**{¶42}** It is undisputed that Mr. Barger's counsel did not conduct a new investigation after Mr. Barger's arraignment on the supplemental indictment. However, this most likely was a strategic decision by counsel, considering: (1) that the supplemental indictment and the original indictment shared underlying facts; (2) that counsel had conducted discovery following the original indictment; (3) the relatively uncomplicated nature of the supplemental charge; and (4) Mr. Barger's admission to Sergeant Jackson that he stole the license plate from another truck. Counsel's strategic or tactical decisions will not form the basis of an ineffective assistance of

counsel claim.  *In re E.T.*, 9th Dist. Summit No. 23017, 2006-Ohio-2413, ¶ 90, citing *State v. Clayton*, 62 Ohio St.2d 45, 48-49 (1980).  Moreover, even if we assume *arguendo* that counsel could have pursued a more thorough investigation, Mr. Barger has not met his burden to prove that additional due diligence would have affected the outcome of the trial on the supplemental charge in any way.[1]

{¶43}  Mr. Barger also contends that counsel was ineffective because counsel failed raise a hearsay objection to the introduction of Mr. Barger's witness statement, which contained Mr. Barger's admission that he stole the license plate.  His argument fails.

{¶44}  Mr. Barger argues that his witness statement is a police report that constitutes inadmissible hearsay.  A police report may be inadmissible hearsay in a criminal case to the extent it contains "matters observed by police officers and other law enforcement personnel."  Evid.R. 803(8).  The rule thus "prohibits the introduction of reports which recite an officer's observations of criminal activities or observations made as part of an investigation of criminal activities."  *State v. Ward*, 15 Ohio St.3d 355, 358 (1984), citing Evid.R. 803(8).  However, Mr. Barger's witness statement does not appear to contain the observations of law enforcement personnel.  Rather, it consists of Mr. Barger's responses to Sergeant Jackson's questions.  Sergeant Jackson wrote down the responses for Mr. Barger in question and answer format, because Mr. Barger had injured his arm and presumably could not write his own witness statement.  Mr. Barger reviewed the witness statement and signed it.  He does not point to any

---

[1] In furtherance of his claim that counsel did not diligently investigate the basis of the supplemental indictment, Mr. Barger contends that counsel admitted at trial that he had not viewed the black bag in which the pipe was found.  However, the trial transcript is not sufficiently clear to support the claim that counsel had not viewed the black bag.  Further, Mr. Barger does not develop an argument as to why counsel's alleged failure to view the black bag prejudiced him with respect to the charge of receiving stolen property.  We will not develop an argument for him.

specific portion of the witness statement that contains Sergeant Jackson's subjective observations, rather than his own admissions. Thus, the witness statement is not excludable as hearsay under Evid.R. 803(8).

{¶45} Moreover, Mr. Barger's statements that he stole the plate were properly admitted because they met the definition of nonhearsay under the Ohio Rules of Evidence. Specifically, the statements were admissions of a party-opponent as defined in Evid.R. 801(D)(2)(a). The rule states, "A statement is not hearsay if * * * [t]he statement is offered against a party and is * * * [his] own statement." Evid.R. 803(D)(2)(a). As set forth in the rule, any statement of a party is admissible at trial provided that it is offered against the party. *State v. Thompson*, 87 Ohio App.3d 570, 577 (9th Dist.1993). Accordingly, Mr. Barger's statements that he stole the license plate were not hearsay and were properly admitted, where he made the statements and they were offered against him at trial. *See State v. Prade*, 139 Ohio App.3d 676, 692 (9th Dist.2000). Thus, Mr. Barger was not prejudiced by counsel's failure to raise a hearsay objection to statements that did not constitute hearsay.

{¶46} Mr. Barger also argues that trial counsel was ineffective in failing to file a motion to supress the black bag and the pipe found inside the bag. To demonstrate that his lawyer's performance was deficient, Mr. Barger "must establish that a valid basis existed to suppress [the evidence]". *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, ¶ 35, citing *State v. Tibbetts*, 92 Ohio St.3d 146, 165-166 (2001).

{¶47} In an attempt to establish a valid basis for suppression, Mr. Barger challenges Trooper Clemens' administrative inventory of the Ford Ranger. "Inventory searches are a 'well-defined exception to the warrant requirement of the Fourth Amendment.'" *State v. Mesa¸* 87 Ohio St.3d 105, 108 (1999), quoting *Colorado v. Bertine*, 479 U.S. 367, 371 (1987). "Inventory

searches involve administrative procedures conducted by law enforcement officials and are intended to (1) protect an individual's property while it is in police custody, (2) protect police against claims of lost, stolen or vandalized property, and (3) protect police from dangerous instrumentalities." *Mesa* at 108, citing *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). "Because inventory searches are administrative caretaking functions unrelated to criminal investigations, the policies underlying the Fourth Amendment warrant requirement, including the standard of probable cause, are not implicated." *Mesa* at 108, citing *Opperman* at 370. "Rather, the validity of an inventory search of a lawfully impounded vehicle is judged by the Fourth Amendment's standard of reasonableness." *Mesa* at 108. "To satisfy the requirements of the Fourth Amendment to the United States Constitution, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedure(s) or established routine." *State v. Hathman*, 65 Ohio St.3d 403 (1992), paragraph one of the syllabus, citing *Opperman*, *supra*.; *Bertine*, *supra*.; *Florida v. Wells*, 495 U.S. 1 (1990).

{¶48} Mr. Barger alleges that the inventory search was not conducted in good faith. He claims that, because the officers knew that there was a problem with the license plate, they used the inventory search as a pretext for an evidentiary search. The Ohio Supreme Court has upheld the standard inventory search of a lawfully impounded vehicle "when the evidence does not demonstrate that the procedure involved is merely a pretext for an evidentiary search of the impounded automobile." *State v. Robinson*, 58 Ohio St.2d 478, 480 (1979), citing *Opperman* at 373,

{¶49} There is no evidence to support Mr. Barger's claim that the inventory search was merely a pretext for an evidentiary search. It is undisputed that the Ranger was disabled, and

would need to be towed. Trooper Clemens testified that an inventory search was necessary under the circumstances. Moreover, Mr. Barger does not cite any authority to support that officers' knowledge of possible criminal activity prior to an inventory search transforms a valid inventory search into an impermissible investigatory search. Under these facts, there is no basis to conclude that the inventory search was not conducted in good faith.

{¶50} Mr. Barger also claims that Trooper Clemens may have searched a closed container to find the pipe, such that there was a valid basis for suppression. The Supreme Court of Ohio has held that an inventory search of a closed container is constitutionally permissible only when it is conducted pursuant to a policy or practice governing the opening of containers during an inventory search. *Hathman*, 65 Ohio St.3d at paragraph two of the syllabus. Here, there is no evidence on the record to establish that the Ohio State Highway Patrol has a policy or practice of searching closed containers pursuant to an inventory search. However, we need not reach the question of whether such a policy exists. Trooper Clemens' testimony was unambiguous that the compartment of the black bag that was searched was "unzipped and open." Moreover, Trooper Clemens was clear that the glass pipe containing methamphetamine was in an "open box" in that unzipped compartment. There is no evidence in the record to contradict Trooper Clemens' testimony, or to suggest that either the bag or the box were in fact closed or partially closed. Accordingly, there is no justification for suppression based on Mr. Barger's unsupported and speculative assertion that the pipe may have been found pursuant to the search of a closed container.

{¶51} Mr. Barger has not established a valid basis existed to suppress the evidence against him. Therefore, he cannot show that his lawyer's conduct was deficient in not filing a motion to suppress. *See Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845 at ¶ 35. Without a

showing of deficient conduct, Mr. Barger fails to establish ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687.

{¶52} We conclude that there are no grounds to find ineffective assistance of counsel. Mr. Barger's third assignment of error is overruled.

III

{¶53} Mr. Barger's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

MICHAEL J. CALLOW, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.