[Cite as *State v. Simon*, 2025-Ohio-2042.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 2024CA0084-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ISAAC P. SIMON | | WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. CRB2300332 |

DECISION AND JOURNAL ENTRY

Dated: June 9, 2025

STEVENSON, Judge.

{¶1} Appellant Isaac P. Simon appeals from the judgment of the Wadsworth Municipal Court that found him guilty of failure to comply with an order or signal of a police officer, claiming the judgment was not supported by the sufficiency or manifest weight of the evidence. This Court affirms.

I.

{¶2} Mr. Simon was charged with one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a first-degree misdemeanor. He pleaded not guilty to the charge and the matter proceeded to a bench trial.

{¶3} The State presented the testimony of Deputy Caylum Yorks of the Medina County Sheriff's Office. Deputy Yorks testified that he was working patrol duty when he "[t]ried to initiate a traffic stop" of a vehicle that did not appear to have a displayed license plate. There is no dispute that Mr. Simon was the driver of the vehicle.

{¶4} Deputy Yorks activated his cruiser's overhead emergency lights to initiate the traffic stop. He was directly behind Mr. Simon's vehicle when the emergency lights were activated. Mr. Simon responded by pulling onto the berm of the highway, over the rumble strips, and slowing down by applying his brakes. After pulling onto the berm Mr. Simon then proceeded to "merge back into traffic . . . ." Deputy Yorks activated the cruiser's sirens, in addition to the already activated overhead emergency lights, when Mr. Simon merged back into traffic.

{¶5} Deputy Yorks continued following Mr. Simon's vehicle with the cruiser's lights and sirens activated. Mr. Simon again pulled onto the berm of the highway, crossing the rumble strips and applying his brakes. Rather than stopping, Mr. Simon again merged back onto the highway. As Mr. Simon pulled back onto the highway, Deputy Yorks wondered where the traffic stop was going and why Mr. Simon was "running[.]" Deputy Yorks continued following Mr. Simon with the cruiser's lights and sirens activated.

{¶6} Mr. Simon pulled onto the berm and merged back into traffic, with Deputy Yorks following him with the cruiser's lights and siren activated, "three or four" times. This pattern continued for "[j]ust shy of three-and-a-half miles" before Mr. Simon stopped and Deputy Yorks was able to conduct a traffic stop.

{¶7} Deputy Yorks testified that he perceived Mr. Simon's actions of pulling over and then merging back onto the highway as a deliberate act. He testified that there was no valid reason for Mr. Simon to keep merging back onto the highway as he had safely pulled to the side of the road numerous times during the pursuit. Deputy Yorks testified that, in addition to repeatedly pulling over and merging back onto the highway, he witnessed Mr. Simon speeding, following other vehicles too closely, and cutting off other vehicles on the roadway.

{¶8} The dash camera video from Deputy Yorks' cruiser was admitted as a trial exhibit and is part of the record on appeal. Deputy Yorks testified to Mr. Simon's driving pattern that is seen on the dash camera video.

{¶9} Mr. Simon does not challenge or otherwise dispute his driving pattern of pulling over and merging back onto the highway. He testified that he initially pulled onto the berm to "get out of the way[,]" but that he "tried to move[]" because "there [was not] much room." Mr. Simon testified that "it was kind of a safety thing . . . I needed to make sure I was safe" when pulling over. He maintains that he "was [not] trying to elude anything."

{¶10} The trial court found Mr. Simon guilty of failure to comply with an order or signal of a police officer. The court sentenced Mr. Simon to 30 days in jail, with all 30 days suspended provided he pays a $150 fine and court costs and does not commit any similar offenses within one year. Mr. Simon was given 60 days to pay the fine and court costs. A six-point violation was placed on Mr. Simon's license and his license was suspended for the mandatory minimum period of six months. Mr. Simon appeals, asserting two assignments of error for this Court's review.

I.

**ASSIGNMENT OF ERROR NO. I**

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE [COURT'S] VERDICT OF GUILTY AS TO FAILURE TO COMPLY WITH OFFICER.**

{¶11} Mr. Simon argues in his first assignment of error that his conviction was not based on sufficient evidence as a matter of law. We disagree.

{¶12} Whether a conviction is supported by sufficient evidence is a question of law, which this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "'A challenge to the sufficiency of the evidence concerns the State's burden of production and is, in essence, a test of adequacy.'" *State v. Jennings*, 2025-Ohio-727, ¶ 18 (9th Dist.), quoting *State v. Wilk*, 2023-

Ohio-112, ¶ 9 (9th Dist.); *Thompkins* at 386. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "'Although the standard of review is de novo, the appellate court does not resolve evidentiary conflicts or assess the credibility of witnesses as those functions belong to the trier of fact.'" *Jennings* at ¶ 18, quoting *State v. Taylor*, 2018-Ohio-2921, ¶ 27 (9th Dist.).

**{¶13}** Mr. Simon was convicted of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). R.C. 2921.331(B) states that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Addressing R.C. 2921.331(B), the Ohio Supreme Court has recognized that the statute "merely requires proof that a person willfully elude or flee a police officer who has given a signal to stop." *State v. Fairbanks,* 2008-Ohio-1470, ¶ 9. A defendant's state of mind may be inferred from the totality of the surrounding circumstances. *See State v. Evans*, 2023-Ohio-4838, ¶ 23 (9th Dist.).

**{¶14}** A violation of R.C. 2921.331(B) is a first-degree misdemeanor unless certain circumstances exist that elevate the offense to a more serious degree. R.C. 2921.331(C)(3). Neither party has presented an enhancement issue on appeal.

**{¶15}** As it pertains to sufficiency, Mr. Simon acknowledges that he "did not immediately pull over and stop." He contends that "rather than fleeing he was merely trying to find a safe place to pull over and stop." The State argues that it presented sufficient evidence to sustain the conviction.

{¶16} Deputy Yorks testified that Mr. Simon appeared to be pulling over when he first activated the overhead emergency lights on his cruiser. Mr. Simon pulled onto the berm of the highway, over the rumble strip, and slowed down by applying his brakes. Rather than stopping, Mr. Simon merged back onto the highway. At that point Deputy Yorks wondered why Mr. Simon was "running[.]" Deputy Yorks then continued following Mr. Simon with both the siren and overhead emergency lights activated on the cruiser. Deputy Yorks testified that, in addition to repeatedly pulling over and merging back onto the highway, he witnessed Mr. Simon speeding, following other vehicles too closely, and cutting off other vehicles on the roadway

{¶17} Mr. Simon continued the pattern of pulling onto the berm and applying his brakes, and then merging back into traffic, "three or four" times and over a distance of "[j]ust shy of three-and-a-half miles." Deputy Yorks testified that Mr. Simon had repeatedly safely pulled onto the berm. He also testified that he perceived Mr. Simon's actions of pulling onto the berm and applying the vehicle's brakes to slow down as deliberate actions.

{¶18} Viewing the evidence in a light most favorable to the prosecution, and upon a thorough examination of the record, this Court concludes that there is sufficient evidence upon which the trial court could reasonably conclude that all elements of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) were established beyond a reasonable doubt. Assignment of error number one is overruled.

**ASSIGNMENT OF ERROR NO. II**

**[MR. SIMON'S] CONVICTION AS TO FAILURE TO COMPLY WITH OFFICER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶19} Mr. Simon argues in his second assignment of error that his failure to comply with an order or signal of a police officer conviction was against the manifest weight of the evidence. For the reasons set forth below, this assignment of error is overruled.

{¶20} "'When considering whether a conviction is against the manifest weight of the evidence, this Court applies a different standard than in a sufficiency analysis.'" *State v. Evans*, 2023-Ohio-4838, ¶ 29 (9th Dist.), quoting *State v. Zappa*, 2022-Ohio-243, ¶ 17 (9th Dist.). To evaluate the weight of the evidence, this Court must consider the entire record and "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *Evans* at ¶ 29, citing *Thompkins*, 78 Ohio St.3d at 387.

{¶21} Mr. Simon argues he was not trying to flee and that he was simply trying to find a safe place to pull over. He argues that, considering his testimony, his conviction is against the manifest weight of the evidence. The State contends that the failure to comply with an order or signal of a police officer conviction is supported by the manifest weight of the evidence.

{¶22} Having reviewed the record, we cannot conclude that this is an exceptional case where the trial court lost its way by convicting Mr. Simon. *See Otten* at 340. There is no dispute that Deputy Yorks was following Mr. Simon with the cruiser's overhead emergency lights and sirens activated and that Mr. Simon engaged in a pattern of pulling onto the berm, slowing down, and then merging back onto the highway. Deputy Yorks wondered why Mr. Simon was "running[.]" Mr. Simon pulled onto the berm, slowed down and then merged back on the highway

"three or four" times. Deputy Yorks also testified that there was no need for Mr. Simon to pull back onto the highway as he had safely pulled onto the berm multiple times. He also testified that the act of pulling onto the berm, slowing down by applying the brakes, and then proceeding to merge back onto the highway multiple times was a deliberate act.

{¶23} It is well-established that "a trier of fact enjoys the best position to assess the credibility of witnesses." *State v. Tyus*, 2020-Ohio-4455, ¶ 57 (9th Dist.). This Court "'will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version.'" *State v. Tolliver*, 2017-Ohio-4214, ¶ 15 (9th Dist.), quoting *State v. Barger*, 2016-Ohio-443, ¶ 29 (9th Dist.).

{¶24} Upon our review of the entire record, we conclude that the trial court did not clearly lose its way and create a manifest miscarriage of justice requiring a reversal of Mr. Simon's failure to comply with an order or signal of a police officer conviction. *See Otten*, 33 Ohio App.3d at 340. This is not an exceptional case in which the evidence weighs heavily against the conviction. *See Thompkins*, 78 Ohio St.3d at 387. Mr. Simon's manifest weight of the evidence argument, as asserted in his second assignment of error, is overruled.

III.

{¶25} For the reasons stated above, Mr. Simon's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

JARED C. ROBERTS, Assistant Director of Law, for Appellee.