[Cite as *In re J.S.*, 2016-Ohio-5120.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: J.S.

C.A. No.     28154

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 14-09-571

DECISION AND JOURNAL ENTRY

Dated: July 27, 2016

HENSAL, Judge.

{¶1}     Appellant, Sherita S., appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her minor child, J.S., and placed him in the permanent custody of Summit County Children Services ("CSB"). This Court affirms.

I.

{¶2}     Appellant, Sherita S. ("Mother"), is the mother of J.S., born June 29, 2010. Donald S. ("Father") established his paternity to J.S. through genetic testing, but did not otherwise participate in the proceedings below and did not appeal from the judgment of the trial court.

{¶3}     On the evening of August 31, 2014, Akron police officers investigated a call that a woman, who appeared to be intoxicated or on drugs, was wandering around the Tulip/Clifford/Beardsley neighborhood with a small child. Eventually, officers located a

woman, later identified as Mother, on the steps of her home in the specified neighborhood. Inside the home, police found four-year-old J.S., sleeping on the bare floor. The child was unclothed except for urine-soaked tennis shoes, and police found him to be very difficult to awaken. The home had no furniture, clothing, or food except for a box of takeout chicken on top of the refrigerator and numerous empty beer, wine, and malt liquor bottles. Police testified that Mother appeared to be disoriented and intoxicated, as evidenced by slurred speech, red and glassy eyes, and a smell of stale alcohol. They determined that Mother was unable to care for a small child and transferred her to a hospital emergency room. Police took protective custody of J.S. pursuant to Juv.R. 6, transported him to Akron Children's Hospital for examination, and contacted CSB.

{¶4} Thereafter, CSB filed a complaint in juvenile court, alleging that J.S. was a neglected and dependent child. The complaint explained how the child came to be in CSB custody, and further asserted that four-year-old J.S. was not toilet trained, had significant language delays, was behind on his immunizations, demonstrated aggressive acting-out behaviors, and used profanity.

{¶5} The biological father of J.S. never had a relationship with the child. Upon being notified of these proceedings, he initially professed interest in pursuing custody, but failed to take any steps towards establishing a relationship with the child or otherwise becoming involved in the case.

{¶6} The trial court adjudicated J.S. to be a neglected and dependent child and thereafter granted temporary custody to CSB. No relatives were available to provide care for the child and J.S. was placed in a foster home. In addition, the trial court adopted a case plan for Mother which required her to: (1) maintain stable housing and adequate income to provide for

the child's basic needs; (2) complete a chemical dependency evaluation, submit to drug tests, and follow recommendations; (3) complete a mental health evaluation and follow recommendations to develop greater parenting insight and judgment as well as to develop healthy social networks to support positive functioning. Mother was offered a minimum of one hour of supervised visitation weekly at the visitation center.

{¶7} Mother has a history with children services and her parental rights had previously been terminated to two siblings of J.S. *See In re J.B.*, 9th Dist. Summit No. 23436, 2007-Ohio-620. Another of Mother's children was placed in the legal custody of that child's father.

{¶8} CSB moved for permanent custody of J.S. on August 4, 2015. The agency sought and was granted a reasonable efforts bypass based on the prior termination of Mother's parental rights to two of her other children. *See* R.C. 2151.419(A)(2)(e). Following a hearing on CSB's motion for permanent custody, the trial court granted permanent custody to CSB and terminated Mother's parental rights to J.S. Mother appeals and assigns two errors for review.

II.

## ASSIGNMENT OF ERROR I

Counsel for Mother conducted the trial in a deficient manner which was prejudicial to Mother's parental rights when he did not challenge the admissibility of any of the evidence introduced at trial, did not move for a directed verdict at the close of the state's case, and thus did not provide effective assistance to mother in violation of her constitutional right to counsel.

{¶9} Mother argues that her trial lawyer did not provide her with effective assistance of counsel. The test for ineffective assistance of counsel used in criminal cases is equally applicable to permanent custody proceedings. *In re C.M.,* 9th Dist. Summit Nos. 23606, 23608, and 23629, 2007-Ohio-3999, ¶ 27. This standard two-part test requires a demonstration of deficient performance and resultant prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687

(1984); *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Proof of both parts of the test is necessary to establish the claim of ineffective assistance of counsel. *Bradley* at 142-143.

{¶10} Mother offers two examples that she believes demonstrate the ineffective assistance of her trial counsel. She first claims that her trial lawyer was ineffective because he did not challenge "the admissibility of the caseworker's testimony nor of the exhibits introduced by the court." She asserts that the caseworker's testimony was "speculative" as to her use of alcohol with "vague comments about time frames and numbers of urine drops" and that the testimony regarding Mother's failure to complete counseling with Summit Psychological was likewise vague. This Court declines to address this assignment of error because Mother's appellate brief fails to identify the parts of the record on which she relies.

{¶11} An appellant's brief is required to contain argument and law "with citations to the authorities, statutes, and parts of the record on which the appellant relies." App.R. 16(A)(7). Mother has neglected to provide any "citations to the * * * parts of the record on which [she] relies" as required by App.R. 16(A)(7) and to create an argument around those facts of record. She has failed to provide any specific references to the record where she believes counsel should have objected and where errors may have occurred.

{¶12} Pursuant to App.R. 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A)." This rule reflects the principle that "[a]n appellant bears the burden of affirmatively demonstrating error on Appeal." *In re Robinson*, 9th Dist. Summit No. 20826, 2002 WL 501149, *2. It is not the obligation of an appellate court to search the record for

evidence to support an appellant's claim of an alleged error. *In re Williams*, 9th Dist. Summit No. 19806, 2000 WL 1349805, *2 (appellate court did not address ineffective failure to object to hearsay where appellant failed to identify the points in the record where the alleged error occurred). In *Williams*, this Court held that "unsubstantiated assertions cannot be considered on appeal as sufficient to carry [appellant's] burden of showing that she was not adequately represented by counsel at trial." *Id.* Accordingly, we disregard this argument pursuant to App.R. 12(A)(2).

{¶13} Second, Mother claims that her trial lawyer provided ineffective representation because he did not move for a directed verdict at the close of CSB's case. The argument is without merit because Mother has failed to demonstrate deficient performance.

{¶14} To establish deficient performance, Mother must show that counsel's performance fell below an objective standard of reasonable representation. *Strickland*, 466 U.S. 668, at 687-688; *Bradley*, 42 Ohio St. 3d, at paragraph two of the syllabus. This Court has previously held that "a motion for directed verdict pursuant to Civ.R. 50 is inappropriate in a non-jury trial." *Alh Properties, P.L.L. v. Procare Automotive Serv. Solutions, L.L.C.,* 9th Dist. Summit No. 20991, 2002-Ohio-4246, ¶ 8, citing *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). Mother has failed to present any argument or legal authority demonstrating that the filing of motion for a directed verdict in this situation is required by "an objective standard of reasonable representation." *See Bradley* at paragraph two of the syllabus. *See also Strickland* at 687-688. Consequently, Mother has not demonstrated that trial counsel's behavior in this regard was deficient, and she has, therefore, failed to establish the ineffective assistance of her trial counsel.

{¶15} Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶16}  Mother has incorrectly included two different versions of the second assignment of error in her appellate brief.  This version is included in the preliminary pages of her brief:

> The trial court committed plain error by excusing the state from the burden of following the prescriptions of local rule 7.02(A) regarding pretrial statements and by reminding the state to move exhibits into evidence after the state had already rested its case to the profound prejudice of the mother and deprivation of her constitutional rights.

This version is included in the body of her brief and is attached to her argument:

> The trial court abused its discretion when it excused the state from the burden of following the prescriptions of Local Rule 7.02(A) regarding pretrial statements and when it reminded the state to move exhibits into evidence after the state had already rested its case to the profound prejudice of the mother and deprivation of her constitutional right to due process.

{¶17}  One version of the assigned error asserts that the trial court committed plain error, while the other asserts that the trial court abused its discretion.  From Mother's supporting argument, we are unable to discern which version Mother intended to argue.  That is because Mother has not presented any legal argument regarding either plain error or abuse of discretion and has not cited any legal authority related to either plain error or abuse of discretion.  In addition, Mother has not provided any references to the parts of the record where any alleged errors occurred as required by the appellate rules.  *See* App R. 16(A)(7).  Finally, Mother does not explain how she was prejudiced.  *See also* Loc.R. 7(B)(7) of the Ninth Appellate District requiring the argument in an appellant's brief to contain "the contentions of the appellant with respect to the assignments of error and the supporting reasons with citations to the authorities and statutes on which the appellant relies."

{¶18}  Pursuant to App.R. 12(A)(2), this Court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the

assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A)." This rule reflects the principle that "[a]n appellant bears the burden of affirmatively demonstrating error on Appeal." *In re Robinson*, 9th Dist. Summit No. 20826, 2002 WL 501149, \*2. This Court will not create an argument on appellant's behalf. *See In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 53 (appellant claims trial counsel failed to point out "glaring inconsistencies," but failed to specify those inconsistencies or how doing so would have change the result of his trial).

{¶19} Mother's second assignment of error is overruled.

### III.

{¶20} Mother's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ALEXANDRA HULL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.