[Cite as *Hershberger v. Shelmar Realty, Inc.*, 2017-Ohio-353.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BRENT HERSHBERGER

    Appellant

    v.

SHELMAR REALTY, INC.

    Appellee

C.A. No.     28110

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV2014-07-3154

DECISION AND JOURNAL ENTRY

Dated: January 31, 2017

MOORE, Judge.

{¶1}    Plaintiff-Appellant Brent Hershberger appeals from the judgment of the Summit County Court of Common Pleas. We affirm.

I.

{¶2}    Shelmar Realty, Inc. operates a mobile home park in Wooster. Mr. Hershberger was hired by Shelmar Realty, Inc. as an independent contractor to remodel and/or repair some of the units, including unit 40 which was owned by Shelmar Realty, Inc. When Shelmar Realty, Inc. opted to replace the roof on unit 40 it did not replace the awnings or gutters. Ultimately, Shelmar Realty, Inc. agreed to rent unit 40 to Mr. Hershberger.

{¶3}    On January 25, 2014, while exiting unit 40, Mr. Hershberger slipped and fell on an accumulation of ice on the front stairs and landing. The fall caused Mr. Hershberger to seriously injure his left arm.

**{¶4}** In July 2014, Mr. Hershberger filed a complaint alleging that Shelmar Realty, Inc. was negligent and negligent per se. Shelmar Realty, Inc. answered and filed what it labeled as a single counterclaim with two causes of action: one alleging breach of the rental agreement and one alleging a failure to repay a loan.

**{¶5}** Subsequently, Shelmar Realty, Inc. moved for summary judgment on the complaint, asserting that it had no duty because the danger was open and obvious, it did not have superior knowledge of a dangerous condition, it did not have a contractual duty to remove the snow and ice, and that the snow and ice was not an unnatural accumulation. Additionally, Shelmar Realty, Inc. asserted that it had no duty to install gutters or awnings, that even if it did, such was not the cause of the accident, and that it did not breach any statutory duties.

**{¶6}** Mr. Hershberger filed a brief in opposition. In his brief he maintained that the open and obvious doctrine was inapplicable in cases of negligence per se. He argued that Shelmar Realty, Inc.'s failure to install gutters and awnings, which led to an accumulation of water and ice which led to his fall, violated R.C. 5321.04(A)(2) (duty to make repairs and keep the premises in a fit and habitable condition) and/or R.C. 4781.38(A)(2) (similar provision addressing manufactured home parks) and that such violation(s) constituted negligence per se.

**{¶7}** The trial court granted Shelmar Realty, Inc.'s motion, concluding that the lack of gutters or awnings did not constitute a breach of a statutory duty and that Mr. Hershberger slipped and fell on ice which was an open and obvious condition. Thereafter, Shelmar Realty, Inc. filed a notice of dismissal of its counterclaim without prejudice pursuant to Civ.R. 41(A)(1)(a).

**{¶8}** Mr. Hershberger has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST [MR. HERSHBERGER.]

{¶9} Mr. Hershberger argues in his sole assignment of error that the trial court erred in granting summary judgment in favor of Shelmar Realty, Inc. on his complaint.

{¶10} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶11} Mr. Hershberger argues that the trial court erred in concluding that Shelmar Realty, Inc. did not breach a statutory duty which proximately caused his injuries. However, we decline to address the merits of Mr. Hershberger's arguments as his brief is not in compliance with the appellate rules.

{¶12} App.R. 16(A)(7) provides that "[t]he appellant shall include in [his] brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Mr. Hershberger has failed to provide any "citations to the * * * parts of the record" upon which he relies. App.R. 16(A)(7). He has provided no citations to any pleadings, motions, or evidentiary materials that would support his argument that the trial court erred in granting summary judgment.

{¶13} "Pursuant to App.R. 12(A)(2), this Court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A).'" *In re J.S.*, 9th Dist. Summit No. 28154, 2016-Ohio-5120, ¶ 12, quoting App.R. 12(A)(2). "This rule reflects the principle that '[a]n appellant bears the burden of affirmatively demonstrating error on Appeal.'" *In re J.S.* at ¶ 12, quoting *In re Robinson*, 9th Dist. Summit No. 20826, 2002 WL 501149, *2 (Apr. 3, 2002). "It is not the obligation of an appellate court to search the record for evidence to support an appellant's claim of an alleged error." *In re J.S.* at ¶ 12. Given Mr. Hershberger's complete failure throughout his entire brief to cite to any portions of the record in support of his argument on appeal, we disregard his argument and assignment of error pursuant to App.R. 12(A)(2).

{¶14} Mr. Hershberger's sole assignment of error is overruled.

III.

{¶15} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶16} I respectfully dissent from the judgment of the majority, as I would reach the merits of this appeal and determine that there exists a genuine issue of material fact which precludes summary judgment.

APPEARANCES:

GEORGE R. ORYSHKEWYCH, Attorney at Law, for Appellant.

STEPHEN J. CHUPARKOFF, Attorney at Law, for Appellee.