[Cite as *State v. Ford*, 2017-Ohio-9294.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DEMETRIUS FORD

    Appellant

C.A. No.    28504

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 16 08 2511

DECISION AND JOURNAL ENTRY

Dated: December 29, 2017

HENSAL, Presiding Judge.

{¶1}  Demetrius Ford appeals his convictions and sentence from the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}  This appeal involves injuries that Mr. Ford's four-month-old daughter ("Daughter") sustained while in Mr. Ford's care and the criminal convictions associated therewith.  At trial, Mr. Ford testified that he and C.G. ("Mother") had a brief relationship that resulted in Mother becoming pregnant.  Mr. Ford and Mother's relationship ended prior to Daughter's birth, and Mr. Ford admitted that he only saw Daughter "like every blue moon * * * [and] not that much."

{¶3}  During a visit to Mother's apartment, Mr. Ford gave Daughter two baths.  The first bath did not result in injuries to Daughter, but Mr. Ford noticed that the bath water suddenly became hot when Mother flushed the toilet.  Later that evening, Mr. Ford woke up from a nap

and decided to change Daughter's diaper prior to catching a bus home. Mr. Ford then asked Mother to give Daughter a bath and became frustrated and annoyed when she did not do it. He, therefore, decided to bathe Daughter himself. Mother was not in the bathroom while Mr. Ford bathed Daughter.

{¶4} According to Mr. Ford, he placed Daughter in a mesh baby seat in the bath tub and used the detachable shower head to wash her. He noticed that the water started to steam, so he immediately turned it off and left the bathroom to find a towel. Upon finding a blanket, he returned to the bathroom and saw that Daughter's skin was peeling. He then picked her up, wrapped her in the blanket, used Mother's phone to call 911, and then gave Mother the phone back so that she could speak to the operator. He then placed Daughter on the couch. Shortly thereafter, Mr. Ford heard a "thud" and saw that Daughter had fallen off of the couch. He picked Daughter up, told her to "quit moving[,]" and waited for EMS to arrive. EMS transported Daughter to the hospital where she received treatment for burns to her face, neck, and shoulders, as well as fractures to her ribs and skull.

{¶5} A Grand Jury indicted Mr. Ford on two counts of felonious assault in violation of Revised Code Section 2903.11(A)(1), two counts of endangering children in violation of Sections 2919.22(B)(2), 2919.22(B)(1), respectively, and two counts of endangering children in violation of Section 2919.22(A). The Court later dismissed the two counts of endangering children under Section 2919.22(A). Mr. Ford pleaded not guilty, and the case proceeded to a jury trial.

{¶6} At trial, two doctors testified that Daughter's burns were consistent with an immersion burn, meaning that Daughter must have been dunked face first into scalding water. They reached this conclusion after noting the sharp line of demarcation on her body (i.e., from

burned to not burned), and the absence of burns from splash marks, which they would have expected to see if Mr. Ford had been using the shower head to bathe Daughter. One doctor testified that Daughter's burns were not medically possible according to Mr. Ford's version of the events, and the other doctor opined that Daughter's injuries were not consistent with an accidental burn.

{¶7} Regarding the rib fractures, the doctors testified that this type of injury is consistent with abuse, and is "extraordinarily rare" otherwise. The doctors disagreed, however as to when the rib fractures could have occurred; one opined that they occurred within 12 hours or less by the time Daughter was medically evaluated, and the other opined that they could have been up to 10 days old. Both doctors opined that the skull fracture resulted from some sort of impact to Daughter's head.

{¶8} The jury ultimately found Mr. Ford guilty of one count of felonious assault relative to the burn injuries Daughter sustained, and two counts of endangering children, one of which related to the burn injuries, the other of which related to the rib and skull injuries. The jury found Mr. Ford not guilty of felonious assault with respect to the rib and skull injuries. The trial court determined that the endangering-children counts merged with the felonious-assault count for purposes of sentencing and sentenced Mr. Ford to eight years of incarceration. He now appeals, raising three assignments of error for our review. For ease of consideration, we have combined Mr. Ford's first and second assignments of error.

II.

ASSIGNMENT OF ERROR I

THE DEFENDANT'S CONVICTION WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE.

ASSIGNMENT OF ERROR II

THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST
WEIGHT OF THE EVIDENCE.

{¶9}    In his first assignment of error, Mr. Ford argues that his convictions were not supported by sufficient evidence.  In his second assignment of error, Mr. Ford argues that his convictions were against the manifest weight of the evidence.  As explained below, we need not address the merits of either assignment of error because Mr. Ford has failed to properly develop arguments in support of his position.

{¶10} We begin our analysis by noting that the appellant bears the burden of establishing error on appeal.  *In re J.S.*, 9th Dist. Summit No. 28154, 2016-Ohio-5120, ¶ 12. Appellate Rule 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶11} Here, aside from providing the applicable standards of review, Mr. Ford has cited no authority in support of his position.  Instead, both assignments of error contain conclusory statements and Mr. Ford's counsel's own apparent theories as to how the events took place.  For example, the crux of Mr. Ford's argument is that no direct evidence existed to support his convictions, yet he cites no law to indicate that direct evidence is required – or, conversely, that circumstantial evidence is insufficient – for purposes of establishing the underlying crimes. Presumably, this is because the law states otherwise.  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph one of the syllabus ("Circumstantial evidence and direct evidence inherently possess the same probative value * * *.").  As this Court has consistently stated, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out."  *Cardone v.*

*Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, * 22 (May 6, 1998), citing App.R. 12(A)(2) and 16(A)(7). Accordingly, this Court disregards Mr. Ford's first and second assignments of error.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUM SENTENCE OF EIGHT YEARS WITHOUT CONSIDERING ALL OF THE RELEVANT SENTENCING FACTORS.

**{¶12}** In his third assignment of error, Mr. Ford argues that the trial court erred when it imposed a maximum sentence without considering all of the relevant sentencing factors contained in Section 2929.12(E). We disagree.

**{¶13}** The Ohio Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). As previously noted, Mr. Ford argues that the trial court failed to consider the statutory sentencing factors contained in Section 2929.12(E). That Section provides the following:

> The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
>
> (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
> (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
> (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
> (4) The offense was committed under circumstances not likely to recur.
> (5) The offender shows genuine remorse for the offense.

R.C. 2929.12(E).

{¶14} Mr. Ford asserts that he had no prior juvenile adjudications or adult convictions, and that he showed remorse for his conduct. He, therefore, argues that the trial court erred by ignoring these factors and imposing a maximum sentence.

{¶15} The Ohio Supreme Court has stated that, where the trial court does not put on the record its consideration of Sections 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18, fn. 4; *see also State v. Beach*, 9th Dist. Summit Nos. 26021, 27124, 2015-Ohio-3445, ¶ 46 (stating same). Unless the record specifically shows that the trial court failed to consider these factors, or shows that the sentence is strikingly inconsistent with these factors, the trial court is presumed to have considered them if the sentence is within the statutory range. *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8.

{¶16} Here, Mr. Ford does not dispute that his sentence falls within the statutory range. At the sentencing hearing, the trial court indicated that it considered the nature of the crimes, the harm to Daughter, Mr. Ford's poor prognosis for benefiting from treatment and making meaningful life changes, his youth, and the reports it received. In its sentencing entry, the trial court indicated that it considered the record, the oral statements, the principles and purposes of sentencing under Section 2929.11, and the seriousness and recidivism factors under Section 2929.12. It indicated that not imposing a prison sentence would not adequately protect society from future crimes by Mr. Ford, and would demean the seriousness of the offense. It also indicated that the harm to Daughter was of great and continuing import, that Mr. Ford showed a lack of significant change, and that he was not amenable to community control.

**{¶17}** While the trial court did not expressly address Mr. Ford's lack of prior juvenile adjudications or adult convictions, or whether he showed remorse, it is presumed to have considered those factors. *Kalish* at ¶ 18, fn. 4. Further, nothing in the record specifically shows that the trial court failed to consider those factors, or that the sentence is strikingly inconsistent with them. *Fernandez* at ¶ 8. Accordingly, we cannot say that the trial court erred when it sentenced Mr. Ford to an eight-year prison sentence. Mr. Ford's third assignment of error is overruled.

### III.

**{¶18}** Demetrius Ford's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL J. GOEBL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.