[Cite as *State v. Roper*, 2023-Ohio-1738.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30129 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STACEY E. ROPER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 21 02 0692 |

DECISION AND JOURNAL ENTRY

Dated: May 24, 2023

SUTTON, Presiding Judge.

**{¶1}** Defendant-Appellant Stacey Roper appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On March 2, 2021, Mr. Roper was indicted by a grand jury on one count of rape in violation of R.C. 2907.02(A)(2) and R.C. 2907.02(B), a felony of the first degree; one count of kidnapping in violation of R.C. 2905.01(A)(3) and R.C. 2905.01(C)(1), a felony of the first degree; one count of kidnapping in violation of R.C. 2905.01(A)(4) and R.C. 2905.01(C)(1), a felony of the first degree; and one count of felonious assault in violation of R.C. 2903.11(A)(1) and R.C. 2903.11(D)(1)(a), a felony of the second degree. On June 11, 2021, a supplemental indictment was filed, which added four additional counts of rape, and two counts of corrupting another with drugs in violation in R.C. 2925.02(A)(1) and R.C. 2925.02(C)(1) and (2), both felonies of the second degree.

{¶3} The charges stemmed from a horrific incident in February 2021, where the victim in the case, F.L., picked up Mr. Roper and took him to her residence. During the long, brutal ordeal, Mr. Roper struck the victim with a hammer and meat tenderizer, drugged her, and raped her. The victim testified that she did not remember having sex with Mr. Roper, but semen was found in her vagina and anus. Mr. Roper inserted an object, a Christmas ornament, into the victim's rectum that had to be surgically removed from the victim's rectum.

{¶4} Mr. Roper entered a plea of not guilty and the case proceeded to trial. At trial, the State presented testimony of nine witnesses, including testimony from the victim, responding police officers, one of the victim's co-workers, a sexual assault nurse examiner from the hospital that treated the victim, a forensic scientist who performed the DNA test on the rape kit, and an analytical chemist and a toxicologist who both testified about the results of the victim's urine drug screen. Mr. Roper presented the testimony of the emergency room physician who treated the victim, and his mother.

{¶5} The jury returned a guilty verdict on ten of the eleven counts, finding Mr. Roper not guilty of one of the counts pertaining to corrupting another with drugs. Mr. Roper was sentenced to an indefinite prison term of a minimum of 16 years and a possible, aggregate, maximum prison term of 19 years, with 10 years of that time being mandatory. His sentence also included five years of post-release control and a requirement that he register as a tier III sex offender upon release from prison.

{¶6} Mr. Roper filed a timely appeal and raises one assignment of error for this Court's review.

II.

## ASSIGNMENT OF ERROR

**THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶7}    In his sole assignment of error, Mr. Roper argues that the jury verdict in his case was against the manifest weight of the evidence.

{¶8}    This Court has previously stated:

In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).  "[W]hen reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a 'thirteenth juror,' and disagrees with the factfinder's resolution of the conflicting testimony." *State v. Tucker*, 9th Dist. Medina No. 06CA0035-M, 2006-Ohio-6914, ¶ 5.  This discretionary power "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).  *See also Otten* at 340.

{¶9}    Mr. Roper argues that the jury erred in reaching its verdict because the victim's testimony was contradictory.  However, because Mr. Roper's brief is not in compliance with the appellate rules, we decline to address the merits of Mr. Roper's arguments.

{¶10}    App.R. 16(A)(7) provides that "[t]he appellant shall include in [his] brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities,

statutes, and parts of the record on which appellant relies." *See also Hershberger v. Shelmar Realty, Inc.*, 9th Dist. Summit No. 28110, 2017-Ohio-353, ¶ 12. Mr. Roper has failed to provide any "citations to the * * * parts of the record" upon which he relies. App.R. 16(A)(7). He has provided no citations to any pleadings, motions, evidentiary materials, or portions of the transcript that would support his argument that the jury's verdict was against the manifest weight of the evidence.

{¶11} "Pursuant to App.R. 12(A)(2), this Court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A).'" *Hershberger* at ¶ 13, quoting *In re J.S.*, 9th Dist. Summit No. 28154, 2016-Ohio-5120, ¶ 12, quoting App.R. 12(A)(2). This rule reflects the principle that an appellant bears the burden of affirmatively demonstrating error on appeal. *Id.* "It is not the obligation of an appellate court to search the record for evidence to support an appellant's claim of an alleged error." *In re J.S.* at ¶ 12.

{¶12} Given Mr. Roper's complete failure throughout his entire brief to cite to any portions of the record in support of his argument on appeal, we disregard his argument and assignment of error pursuant to App.R. 12(A)(2). Mr. Roper's sole assignment of error is overruled.

III.

{¶13} Mr. Roper's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.