[Cite as *State v. Omenai*, 2024-Ohio-1571.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30702 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TYREE OMENAI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 20 02 0635(A) |

DECISION AND JOURNAL ENTRY

Dated: April 24, 2024

SUTTON, Judge.

{¶1} Defendant-Appellant Tyree Omenai appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} On January 22, 2020, T.R., J.A., and their five-year old son were together in a vehicle when T.R. and J.A. attempted to purchase Percocet pills from Tyler Johnson, their regular drug dealer of several years. Mr. Johnson did not have Percocet pills that day, so he arranged for Mr. Omenai to meet T.R. and J.A. for the exchange. When T.R. and J.A. arrived at the agreed upon meeting location, Mr. Omenai entered the back seat of their vehicle and presented them with pills to purchase. T.R. and J.A. declined to purchase the pills and Mr. Omenai pulled out a gun and demanded money. T.R. ordered Mr. Omenai to leave the vehicle and exited the driver's seat to pull Mr. Omenai out of the vehicle. J.A. also exited the front passenger's seat of the vehicle

and attempted to push Mr. Omenai out of the vehicle. T.R. and Mr. Omenai fell to the ground, and then, as Mr. Omenai was running away, Mr. Omenai fired his gun. T.R. was struck with a bullet and was bleeding. J.A. drove T.R. to a nearby hospital where she was taken into emergency surgery. T.R. succumbed to her injuries later that day.

{¶3} Mr. Omenai was indicted for one count of aggravated murder, in violation of R.C. 2903.01(B)/R.C. 2929.02(A), an unclassified felony with a firearm specification, as set forth in Count 1 of the indictment; one count of murder, in violation of R.C. 2903.02(A)/(D)/R.C. 2929.02(B), an unclassified felony with a firearm specification, as set forth in Count 2 of the indictment; one count of murder, in violation of R.C. 2903.02(B)/R.C. 2903.02(D)/R.C. 2929.02(B), an unclassified felony with a firearm specification, as set forth in Count 3 of the indictment; two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1)/R.C. 2911.01(C), felonies of the first degree with firearm specifications, as set forth in Counts 4 and 6 of the indictment; two counts of felonious assault, in violation of R.C. 2903.11(A)(2)/R.C. 2903.11(D)(1)(a), felonies of the second degree with firearm specifications, as set forth in Counts 5 and 7 of the indictment; and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree, as set forth in Count 8 of the indictment. Mr. Omenai pleaded not guilty and the matter proceeded to jury trial.

{¶4} The jury found Mr. Omenai guilty of murder, in violation of R.C. 2903.02(B)/(D), an unclassified felony with a firearm specification, as set forth in Count 3 of the indictment; aggravated robbery, in violation of R.C. 2911.01(A)(1)/(C), a felony of the first degree with a firearm specification, as set forth in Count 4 of the indictment; aggravated robbery, in violation of R.C. 2911.01(A)(1)(C), a felony of the first degree with a firearm specification, as set forth in

Count 6 of the indictment; and having weapons while under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree, as set forth in Count 8 of the indictment.

{¶5} Based upon the jury's verdicts, Mr. Omenai filed a motion for acquittal after the verdict which the State opposed. The trial court denied Mr. Omenai's motion and the matter proceeded to sentencing. The trial court sentenced Mr. Omenai to a total prison term of 21-years to life.

{¶6} Mr. Omenai now appeals raising two assignments of error for our review.

{¶7} As a preliminary matter, we note the trial court's journal entry contains a typographical error that states, in relevant part, "[o]n August 3, 2022, [Mr. Omenai] was found GUILTY by a Jury Trial of the following crimes in the Indictment: 1) Count 3, Murder-R.C. 2903.02(A)(D)[.]" The record, however, clearly indicates Mr. Omenai was found guilty of murder, pursuant to R.C. 2903.02(B)/(D), as stated in Count 3 of the indictment for causing the death of T.R. as a proximate result of Mr. Omenai committing or attempting to commit an offense of violence that is a felony of the first or second degree: aggravated robbery and/or felonious assault. Further, the jury verdict forms and sentencing transcript demonstrate Mr. Omenai was found guilty of murder, pursuant to R.C. 2903.02(B)/(D). Therefore, on remand, the trial court must issue a nunc pro tunc journal entry correcting this typographical error to indicate Mr. Omenai was found guilty of murder, pursuant to R.C. 2903.02(B)/(D), as set forth in Count 3 of the indictment.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN DENYING MR. [] OMENAI'S MOTION FOR DIRECTED VERDICT; JUDGMENT NOT WITHSTANDING THE VERDICT; ACQUITTAL OR NEW TRIAL BASED ON CRIM.R. 29(C)[;] CRIM.R. 33(A)[;] AND INCONSISTENT VERDICTS.**

{¶8} In his first assignment of error, Mr. Omenai argues the trial court erred in denying his motion for a new trial or acquittal based upon Crim.R. 29(C), Crim.R. 33(A), and inconsistent verdicts. Specifically, Mr. Omenai argues "if [he] did not commit aggravated robbery as a predicate offense for aggravated murder, murder or felonious assault, he cannot be responsible for felony [murder] without a complicity charge of instruction." Although Mr. Omenai's assignment of error refers to Crim.R. 29 and Crim.R. 33, Mr. Omenai's entire argument focuses on his claim that the jury reached inconsistent verdicts. We limit our discussion accordingly.

{¶9} "The Ohio Supreme Court has held that '[t]he several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count.'" *State v. Inman*, 9th Dist. Medina No. 13CA0074-M, 2014-Ohio-3538, ¶ 16, quoting *State v. Lovejoy*, 79 Ohio St.3d 440 (1997), paragraph one of the syllabus. "Consistency between verdicts on several counts of an indictment is unnecessary where the defendant is convicted on one or some counts and acquitted on others; the conviction generally will be upheld irrespective of its rational incompatibility with the acquittal." *Id.*, quoting *State v. Smith*, 10th Dist. Franklin No. 13AP-194, 2014-Ohio-709, ¶ 23, quoting *State v. Trewartha*, 165 Ohio App.3d 91, 2005–Ohio–5697, ¶ 15 (10th Dist.)

{¶10} In *United States v. Powell*, 469 U.S. 57, 65, 67, the Supreme Court of the United States explained:

> [I]nconsistent verdicts-even verdicts that acquit on a predicate offense while convicting on the compound offense-should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense.

* * *

Finally, we note that a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt. This review should be independent of the jury's determination that evidence on another count was insufficient. The Government must convince the jury with its proof, and must also satisfy the courts that given this proof the jury could rationally have reached a verdict of guilty beyond a reasonable doubt. We do not believe that further safeguards against jury irrationality are necessary.

(Internal citations omitted.)

{¶11}  Here, the jury acquitted Mr. Omenai of Counts 1, 2, 5, and 7, as set forth in the indictment, and found him guilty of Counts 3, 4, 6, and 8, with the associated firearm specifications, as set forth in the indictment.  Notably, the jury acquitted Mr. Omenai of the most serious crimes of aggravated murder, with the predicate offense of aggravated robbery, and murder, for purposely causing the death of T.R.  Instead, the jury found Mr. Omenai guilty of felony murder based upon the commission of aggravated robbery.  Prior to the jury's deliberation, the trial court explained:

The charges set forth in each count of the indictment constitute a separate and distinct matter.  You must consider each count and the evidence applicable to each count separately and you must state your findings as to each count uninfluenced by your verdict as to any other count. [Mr. Omenai] may be found guilty or not guilty of any one or all of the offenses charged.

Thus, as indicated above, because the verdicts regarding murder, in Count 3, and aggravated robbery, in Counts 4 and 6, and the verdicts in Counts 1, 2, 5, and 7, arose out of distinct counts in the indictment, they are not inconsistent.  *See Inman* at ¶ 17.

{¶12}  Accordingly, Mr. Omenai's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST [MR.] OMENAI.**

{¶13}  In his second assignment of error, Mr. Omenai challenges both the sufficiency and weight of the evidence in this matter.  It is well-established, however, that "a review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations." *State v. Seibert*, 9th Dist. Wayne Nos. 20AP0013, 20AP0014, 2021-Ohio-3069, ¶ 13, quoting *State v. Vicente-Colon*, 9th Dist. Lorain No. 09CA009705, 2010-Ohio-6242, ¶ 18. Accordingly, "it is not appropriate to combine a sufficiency argument and a manifest weight argument within a single assignment of error." *Seibert* at ¶ 13, quoting *State v. Mukha*, 9th Dist. Wayne No. 18AP0019, 2018-Ohio-4918, ¶ 11; *See* App.R. 12(A)(2) ("The court may disregard an assignment of error presented for review if the party raising it fails to * * * argue the assignment separately in the brief[.]"). Nonetheless, we exercise our discretion to consider the merits of Mr. Omenai's combined assignment of error.

{¶14}  "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it

allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶15} Here, Mr. Omenai was convicted of murder, in violation of R.C. 2903.02(B)/(D); aggravated robbery, in violation of R.C. 2911.01(A)(1)/(C); and having weapons while under disability, in violation of R.C. 2923.13(A)(2)/(B), along with corresponding firearm specifications.

{¶16} In his brief, Mr. Omenai combines the elements of murder in R.C. 2903.02(A) and R.C. 2903.02(B), stating: "[Mr.] Omenai was found guilty of [m]urder in violation of R.C. 2903.02, 2903.02(A), 2929.02(B), which states that 'one *purposely* caused the death of another as a proximate result of the offender committing or attempting to commit an offense of violence." (Emphasis added.) However, neither R.C. 2903.02(A), nor R.C. 2903.02(B), state as such. Instead, R.C. 2903.02(A), of which Mr. Omenai was acquitted, states: "[n]o person shall *purposely* cause the death of another or the unlawful termination of another's pregnancy." (Emphasis added.) Further, R.C. 2903.02(B), of which Mr. Omenai was convicted, states: "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.04 of the Revised Code." Therefore, the jury did not convict Mr. Omenai of purposely causing T.R.'s death.

{¶17} Moreover, Mr. Omenai does not develop a sufficiency argument as to murder, pursuant to R.C. 2903.02(B)/(D), aggravated robbery, pursuant to R.C. 2911.01(A)(1)/(C), or having weapons while under disability, pursuant to R.C. 2923.13(A)(2)/(B). "Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him." *State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 16, citing *State v.*

*Harmon*, 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶ 6, citing App.R. 16(A)(7) and *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶18} As to manifest weight, this Court has previously stated:

> [i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶19} An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*.

{¶20} Here, Mr. Omenai takes issue with the credibility of J.A. and Mr. Johnson, a co-defendant who received a plea deal, the nature of the investigation itself, and the fact that no weapon was recovered.

{¶21} Indeed, the jury heard both the direct examinations and cross-examinations of both J.A. and Mr. Johnson regarding their alleged credibility issues. As previously indicated, the jury is free to believe "all, part, or none of the testimony of each witness." *Gannon* at ¶ 20. The jury

also heard lengthy testimony from a number of police officers regarding the choices they made in managing this investigation. Additionally, the jury heard testimony that the police discovered the same type of ammunition used to kill T.R. in Mr. Omenai's residence, and Mr. Omenai admitted to having the ammunition. The jury further heard testimony that Mr. Omenai's Facebook messages, from one-day after the murder, discuss his need to discard a hand gun in his possession and its subsequent sale. Thus, this is not an exceptional case where the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Otten* at 340.

{¶22} Accordingly, Mr. Omenai's second assignment of error is overruled.

III.

{¶23} For the foregoing reasons, Mr. Omenai's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed. This matter is remanded for the limited purpose for the trial court to issue a nunc pro tunc journal entry correcting the typo as to Mr. Omenai's conviction for murder, pursuant to R.C. 2903.02(B), as reflected in the jury's verdict.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.