[Cite as *State v. Hutchins*, 2025-Ohio-2279.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31134 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JESSICA HUTCHINS | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2023-04-1332-B |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

SUTTON, Judge

{¶1} Defendant-Appellant Jessica Hutchins appeals the judgment of the Summit County Court of Common Pleas sentencing her to a total stated term of 10 to 15 years of incarceration after a jury found her guilty of rape, sexual battery, theft, and obstructing justice. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from incidents occurring on February 18, 2023, and February 19, 2023, involving Ms. Hutchins, her co-defendant Timothy Jarrell, and D.B., a victim of rape, sexual battery, assault, and theft.

{¶3} After an investigation, Ms. Hutchins was indicted by the Summit County Grand Jury for rape, in violation of R.C. 2907.02(A)(1)(c) and (B), a felony of the first degree; sexual battery, in violation of R.C. 2907.03(A)(2) and (B), a felony of the third degree; theft, in violation

of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree; and obstructing justice, in violation of R.C. 2921.32(A)(5) and (C)(3), a felony of the fifth degree. Mr. Jarrell was also indicted for rape, sexual assault, and assault in connection with the February 18 and 19, 2023 events.

{¶4} Mr. Jarrell and Ms. Hutchins pleaded not guilty to these charges and a joint jury trial followed for both defendants. The jury returned guilty verdicts against Ms. Hutchins on Count 1 (rape), Count 2 (sexual battery), amended Count 3 (misdemeanor theft), and Count 5 (obstructing justice).[1] The trial court merged Counts 1 and 2, and sentenced Ms. Hutchins to a total stated prison term of 10-15 years. In addition, Ms. Hutchins is required to register as a Tier III sex offender for life, and to pay restitution in the amount of $1,192.72.[2]

{¶5} Ms. Hutchins appeals, raising one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL [COURT] COMMITTED ERROR AND NOT GRANTING A MISTRIAL OR SHORT CONTINUANCE WHEN D.B. TESTIFYING INDICATED THAT SHE HAD BEEN UNDERGOING THERAPY AND DURING THERAPY AND AT THE PROMPTING OF THE PROSECUTOR, REMEMBERED A CINNAMON FLAVORED DRINK IN A WALMART PLASTIC BOTTLE GIVEN TO HER PRIOR TO HER TRAVELING TO RICHFIELD, OHIO, AS HER FORGOTTEN MEMORY HAD BEEN REFRESHED; NONE OF SUCH DISCOVERABLE INFORMATION WAS PRESENTED TO [MS. HUTCHINS'S] TRIAL ATTORNEYS WERE INEFFECTIVE FOR REQUESTING A 'THERAPY' CURATIVE INSTRUCTION AND PROSECUTION COMMITTING MISCONDUCT FOR KNOWINGLY FAILING TO PROVIDE IN DISCOVERY BECAUSE HE HAD BEEN TOLD BY THE POLICE OFFICER A WEEK PRIOR TO TESTIMONY, AND BY FAILING TO FILE A MIRANDA SUPPRESSION MOTION FOR AN ATTORNEY REQUEST COMMENCING AT MINUTE 19:05 WHEN [MS. HUTCHINS] REQUESTED AN ATTORNEY. [MS. HUTCHINS] ATTORNEY NEVER**

---

[1] Count 4 of the indictment was the assault charge against Mr. Jarrell.

[2] Mr. Jarrell was found guilty of rape, sexual battery and assault and was sentenced to an indefinite term of 10-15 years of incarceration. Mr. Jarrell has also appealed his convictions in C.A. No. 31137.

**REQUESTED INSTRUCTION TO DISREGARD THE COLORED DRINK, THEREBY ALLOWING THE PROSECUTION TO COMPOUND THE PLAIN ERROR, BY ALLOWING PURPOSEFUL ACTION OF PROSECUTION TO DR. SAVITSKI'S REASONABLE MEDICAL CERTAINTY OPINION WITHOUT REVIEWING ANY RECORDS CONCERNING D.B. ALL CUMULATIVE ERRORS REASONS IS THE ERROR INCLUDING JOINDER.**

**{¶6}** Ms. Hutchin's brief does not comply with App.R. 16(A)(7) and Loc.R. 16(A)(7).

App.R. 16(A)(7) provides that an appellant's brief shall include:

An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

This Court's Loc.R. 16(A)(7) provides:

The argument shall contain the contentions of the appellant with respect to the assignments of error and the supporting reasons with citations to the authorities and statutes on which the appellant relies. *Each assignment of error shall be separately discussed and shall include the standard or standards of review applicable to that assignment of error* under a separate heading placed before the discussion of the issues.

(Emphasis added.) Ms. Hutchins's assignment of error above appears to set forth multiple alleged errors combined into one indiscernible and unclear statement, followed by a brief in which she did not develop any arguments or set forth the applicable standards of review. Therefore, the brief does not comply with App.R. 16(A)(7) or Loc.R. 16(A)(7).

**{¶7}** App.R. 12(A)(2) provides in part: "The [C]ourt may disregard an assignment of error presented for review if the party raising it . . . fails to argue the assignment separately in the brief as required under App.R. 16(A)." *See also State v. Roper,* 2023-Ohio-1738, ¶ 11 (9th Dist.) and *Hershberger v. Shelmar Realty, Inc.,* 2017-Ohio-353, ¶ 13 (9th Dist.).

**{¶8}** Where an appellant fails to develop arguments in support of an assignment of error, this Court will not create them for her. *State v. Omenai,* 2024-Ohio-1571, ¶ 17 (9th Dist.), quoting

*State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.), citing *State v. Harmon*, 2013-Ohio-2319, ¶ 6 (9th Dist.), citing App.R. 16(A)(7) and *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998).

{¶9}   Therefore, because Ms. Hutchins's brief does not separately discuss each alleged error, does not set forth the applicable standard of review for each alleged error, and does not develop any arguments, she has not complied with App.R. 16(A)(7) and Loc.R. 16(A)(7). Accordingly, Ms. Hutchins's assignment of error is overruled pursuant to App.R. 12(A)(2).

III.

{¶10}   Ms. Hutchins's assignment of error is overruled.   The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.